Dear Mayor Racca:
This office is in receipt of your request for an opinion of the Attorney General in regard to use of the municipality's computer network for public records by an individual who demands he be allowed to view the information directly.
In Title 44, Public Records and Recorders, R.S. 44:1, provides as follows:
 A (1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
 (2)(a) All books, records, writings, accounts, letters and letter books, maps, drawing, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retrained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as other provided in this Chapter or the Constitution of Louisiana. (Emphasis added.)
This office observed in Atty. Gen. Op. 02-271 with regard to information located on the database of the SAC (Substance Abuse Counselors) Board under contract with LASACT (La. Assn. of Substance Abuse Counselors), a private entity, that the Board's computer database contained information "beyond that of the Board's internet website, specifically that which may be considered confidential under the exceptions to the Public Records laws listed in La.R.S. 44:4.1." It was found because of the nature of this information, there was no requirement that the Board provide LASACT "blanket access to their private database." It was observed if the Board should choose to do so, the Board would have to protect that information that is considered excepted from the Public Records Law, and would be obliged to reorganize the database to secure information that would be exempt from access as a public record. It was further stated the second option would be to deny access to the Board's private database, and for information that is considered public records, access must be granted. This office concluded:
 It is therefore the opinion of this office that the SAC Board may, but is not required to provide LASCAT with access to it's private computer database. If the SAC Board should allow access, it has the duty to safeguard all public records and secure all information that fits within the exceptions of La.R.S. 44:4.1, for this information should not be accessible to LASACT.
Similarly, in Atty. Gen. Op. 01-155 this office was faced with the question whether there should be access to computers of members of the State Board of Private Investigator Examiners. These computers were never in Board offices and were maintained by the individual members. This office observed as follows:
 In conclusion, allowing warrantless monitoring of electronic communications of individual Board members would violate Article 1, Section 5 of the Louisiana Constitution of 1974, as well as a consistent line of Louisiana jurisprudence dating back as far as 1911. All such communications by individual Board members or employees are private and privileged. If Board members or employees are actually conducting official business through electronic communications, these private communications then become part of the public record and are subject to production under the Public Records Act.
Accordingly, we would conclude as stated above if employees are actually conducting official business through electronic communications, then they become part of the public record and are subject to production. Accordingly, an individual may view "public records" from the municipality's computer network if the public entity makes this available, but may determine access through other means is more convenient.
In either situation there is an obligation on the part of the municipality to safeguard information within the exceptions of the public records law. While public record statutes must be liberally construed, public inspection does not extend to all personnel and medical files which would constitute an unwarranted invasion of personal privacy. General information such as education, salary, tenure, rank or title would be subject to disclosure, but information such as telephone numbers of employees, home addresses or any information that the employee reasonably expects to be kept confidential or is requested to be confidential is restricted from public access.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr